UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDGECOMBE CRANE LLC,<br><br>Defendant. | Case No. 24-cv-01436-RS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

Plaintiffs are employee benefit plans and their respective trustees, who brought this suit against Defendant Edgecombe Crane LLC for unpaid and late-paid benefit contributions. Their claims are brought pursuant to ERISA and binding Bargaining and Trust Agreements. Plaintiffs first sent demand letters to Defendant in 2023 over delinquent contributions and refusal to comply with Plaintiffs' audit. When Defendant failed to respond, Plaintiffs filed suit in March 2024. Defendant did not answer, and accordingly the Clerk entered default as to Defendant in June 2024. After the entry of default, parties held unsuccessful discussions in an attempt to resolve this matter informally. Plaintiffs now move for default judgment.

Plaintiffs argue Defendant must pay fringe benefit contributions, plus liquidated damages and interest on the unpaid and late-paid contributions for hours worked by Defendant's employees. Plaintiffs additionally seek attorneys' fees and costs. For the reasons that follow, Plantiffs' Motion is granted and judgment against Defendant is entered in the amount of $65,732.14. Pursuant to Civil Local Rule 7-1(b), this Motion is suitable for disposition without

oral argument, and the hearing set for July 31, 2025, is vacated.

## II. BACKGROUND

Plaintiffs are third-party beneficiaries of bargaining agreements entered into by Defendant Edgecombe with the Operating Engineers Local No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Union"). The Bargaining Agreement, which incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), requires Defendant to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in the agreements. Together, the Bargaining and Trust Agreements require Defendant to make contributions to the funds based on the hours worked by or paid to Defendant's employees and to pay benefit contributions to Plaintiffs.

The agreements mandate that Defendant pay interest and liquidated damages on any delinquent contributions. Pursuant to the terms of the agreements, liquidated damages are calculated prior to litigation at ten percent (10%) of the delinquent contributions. However, once a lawsuit has been filed, the agreements provide that liquidated damages are calculated at twenty percent (20%). The agreements also determine that interest accrues on the delinquent unpaid contributions at ten percent (10%) per annum calculated from the day contributions are considered delinquent until paid. Finally, the terms require the reimbursement of attorneys' fees and costs, audit fees, and all other expenses incurred in connection with the collection of delinquent contribution.

This matter began in earnest in July 2023 when Defendant was referred to Plaintiffs' Counsel for failure to comply with an audit of its payroll records for the period from January 2020 through June 2021. Plaintiffs' Counsel sent two demand letters in 2023 and received no response from Defendant.

Plaintiffs' Counsel made contact with Defendant's principal Lawrence Edgecombe in March 2024, but Defendant took no further action. Plaintiffs then served Defendant with this Complaint on May 13, 2024. After Defendant failed to file a responsive pleading or otherwise answer the Complaint, Plaintiffs requested entry of default on June 7, 2024. The Clerk entered

1  default on June 10, 2024.

2  In November of 2024, Plaintiffs' Counsel again spoke to Lawrence Edgecombe, and Defendant began providing Plaintiffs with delinquent contribution reports and otherwise agreed to cooperate with the audit. In March 2025, Plaintiffs' Auditors sent a draft payroll inspection report to Defendant, in order to give Defendant an opportunity to dispute the findings. Defendant did not do so. Plaintiffs then sent a demand letter requesting still missing reports and payments. In April 2025, Plaintiffs sent a final demand letter, now including Defendant's delinquent February 2025 contributions. Defendant has not responded to these letters, appeared in this forum, nor objected to Plaintiffs' Motion for Default Judgment.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, entering a default judgment is a two-step process. Prior to entry of a default judgment, there must first be an entry of a default. Fed. R. Civ. P. 55. Only then may a court, in its discretion, grant relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising such discretion, the court may consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) ("the *Eitel* factors"). To conduct this analysis, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Other competent evidence submitted by the moving party may be deemed admitted by the non-responding parties. *See Shanghai Automation Instrument Co., v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001).

### IV. DISCUSSION

**A. Jurisdiction and Service**

A court must confirm that it has both subject matter and personal jurisdiction prior to

assessing the merits of a default judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). It must also "ensure the adequacy of service on the defendant." *Produce v. Cal. Harvest Healthy Foods Ranch Mkt.*, No. 11-cv-4814, 2012 WL 259575, at *2 (N.D. Cal. Jan. 27, 2012).

Subject-matter jurisdiction is proper under 29 U.S.C. § 1132, which provides that plan fiduciaries can bring civil actions to enforce the terms of the plan. Further, jurisdiction exists over all claims by virtue of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.* ("LMRA"), specifically 29 U.S.C. § 185, as Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement. Personal jurisdiction exists over Defendant since Defendant is an employer by virtue of 29 U.S.C. § 1002 (5), and the NLRA, 29 U.S.C. § 151 *et seq.,* specifically 29 U.S.C. § 152 (2). Therefore, Plaintiffs have established jurisdiction.

Service was also adequate here. Rule 4(e) of the Federal Rules of Civil Procedure governs the methods by which service may be effectuated. Rule 4(e)(1) permits service by any means allowed by the law of the state in which the case is pending, or the state in which the defendant resides. Alternatively, Rule 4(e)(2) permits service by (1) personal delivery of the summons and complaint to the defendant, (2) leaving a copy of each with a person at the defendant's residence, or (3) leaving a copy of each with an agent authorized to accept service. California law also permits service of a corporation by "delivering a copy of the summons and the complaint ... to the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Plaintiffs served the necessary documents on May 13, 2024, to Defendant's registered agent. Therefore, Defendant was properly served.

### B. The *Eitel* Factors

Analysis of the *Eitel* factors supports the entry of default judgment.

*i. Prejudice to Plaintiff, Merits of the Substantive Claim, and Sufficiency of the Complaint*

The first factor concerns prejudice to Plaintiffs if default judgment were denied. Such prejudice would "necessarily flow[]" from a meritorious claim, "because, in the absence of a default judgment, plaintiff 'would be without other recourse for recovery' to which it is entitled." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). Therefore, this

factor hinges on consideration of the second and third factors: the merits of Plaintiff's substantive claim, and the sufficiency of the complaint.

Plaintiffs bring claims against Defendant for violating ERISA § 515, 29 U.S.C. § 1145, and the Bargaining and Trust Agreements. ERISA § 515 provides that every employer who is obligated to make contributions under a collective bargaining agreement shall make them in accordance with the terms of such agreement. In addition, under ERISA, a fiduciary may bring an action for equitable relief to enforce any provision of the terms of the plan. 29 U.S.C. §1132 (a)(3)(B)(ii).

When a benefit plan wins a judgment in an action to enforce § 1145, § 1132 of the same title provides that the plan is entitled to the unpaid contributions, interest thereon, reasonable attorneys' fees and costs, and liquidated damages. 29 U.S.C. § 1132 (g)(2). The liquidated damages provision, as set forth in § 1132 (g)(2)(C)(ii), "applies when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989); *see also id.* (collecting cases). Liquidated damages are mandatory where factors (1)-(3) above are satisfied. *Id.* at 21 (relying on *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988).

Plaintiffs also assert that by entering into the Bargaining Agreement, which incorporates the terms of the Trust Agreements, Defendant has an express contractual obligation to timely make benefit contributions to Plaintiffs for hours worked by their employees. Therefore, under § 1132(g)(2) and the Bargaining and Trust Agreements, Plaintiffs are entitled to any unpaid contributions, interest and liquidated damages on any unpaid and late-paid contributions, reasonable attorneys' fees and costs, and all other reasonable expenses incurred in relation to this action.

The two relevant *Idaho Plumbers* factors are satisfied. Unreported and unpaid contributions which have been estimated and unpaid contributions that may be due from Defendant existed at the time the Complaint was filed, and the Collective Bargaining Agreement and Trust Agreements specifically provide for liquidated damages for failure to timely pay the

contributions due. Thus, 29 U.S.C. § 1132 (g)(2), including its liquidated damages provision, is applicable in this matter, which supports the likelihood of Plaintiffs' success on the merits. Moreover, Plaintiffs have adequately supported their complaint with declarations from their Counsel, Auditor, and Fringe Benefit Director, and relevant documents. Based on the record and Plaintiffs' well-pled allegations, Defendant is obligated to pay outstanding amounts due including contributions, liquidated damages, and interest, plus attorneys' fees and costs. Accordingly, the second and third *Eitel* factors weigh in favor of granting Plaintiffs' Motion.

Given the merits of Plaintiffs' underlying claims, the possibility of prejudice to Plaintiff is high. Without default judgment, Plaintiffs would have no other recourse to recover for systemic nonpayment in violation of ERISA and the binding agreements. This factor further bolsters Plaintiffs' entitlement to default judgment.

  *ii.*  *Money at Stake*

The fourth factor "pertains to the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *Elias v. Allure SEO*, No. 20-CV-06031-RS, 2022 WL 2755351, at *2 (N.D. Cal. July 14, 2022) (citation omitted). The core question is whether the amount claimed by Plaintiffs is reasonable. Plaintiffs' declarations, calculations, pay stubs, and other documentation of damages support their calculation of unpaid and late-paid contributions, liquidated damages, and interest due. The amount of required contributions, as well as rates for liquidated damages and interest on delinquent contributions, are explicitly outlined in the Bargaining and Trust Agreements. Plaintiffs assert that for months, Defendant either failed to report contributions or failed to pay those contributions reported due. The contributions for those months claimed as due were estimated pursuant to Plaintiffs' Collection Procedures and based on contributions previously reported by Defendant. This district has previously accepted estimated contributions calculated using the same operative agreements. *See, e.g.*, *Operating Eng'rs Health and Welfare Trust Fund for N. Cal. et al. v. Euro-Tech Construction & Trucking, Inc. et al.*, 2021 U.S. Dist. LEXIS 243376, 2021 WL 6052115, No. 20-cv-04143-RS (Dec. 21, 2021); *Operating Eng'rs Health and Welfare Trust Fund for N. Cal. et al. v. Garrett Thompson Construction, Inc. et al*, 2020 WL 9422329, 202 U.S. Dist. LEXIS 253597, No. 19-cv-02314-JSW (2020); *Operating Eng'rs Health*

*and Welfare Trust Fund for N. Cal. et al. v. Empire Eng'g & Construction, Inc. et al.*, 2023 WL No. 22-cv-03609-AMO, 2023 U.S. Dist. LEXIS 124805 (Jul. 19, 2023). Therefore, Plaintiffs seek a reasonable amount for the originally claimed delinquent payments and reporting.

Plaintiffs also claim damages for delinquent months which occurred after the filing of this suit. Courts in the Ninth Circuit have made a limited exception to the requirement that default judgment be constrained by the remedies sought in the complaint. This exception exists for delinquent contributions that come due after a complaint is filed "on the basis that such an approach is consistent with the legislative intent underlying ERISA." *Bay Area Painters v. Alta Specialty*, No. 06-cv-06996-MJJ, 2008 WL 114931, at *4, 2008 U.S. Dist. LEXIS 1887 (N.D. Cal. Jan. 10, 2008) (emphasis omitted); *see also Trs. of Bricklayers Local No. 3 Pension Trust v. Huddleston*, No. 10-cv-01708-JSC, 2013 WL 2181532, at *4, 2013 U.S. Dist. LEXIS 71346, at *14 (N.D. Cal. May 20, 2013)); *Roofers Local Union No. 81 v. Wedge Roofing*, 811 F.Supp. 1398, 1401-02 (N.D. Cal. 1992). Because it would frustrate ERISA's goals to require trust funds to file successive lawsuits for each new contribution that becomes delinquent, Plaintiffs have established their entitlement to this exception. Therefore, Plaintiffs can claim contributions and liquidated damages based on months outside the period of the audit and Complaint. Based on the foregoing, the total amount of unpaid and late-paid contributions, interest on those contributions, and liquidated damages is reasonable.

Plaintiffs also seek attorneys' fees and costs of this suit. § 1132 (g) of ERISA entitles Plaintiffs to "reasonable attorneys' fees and costs of the action" when Plaintiffs obtain a judgment in their favor or otherwise obtain the relief sought. 29 U.S.C. §1132 (g)(2)(D); *Nw. Adm'rs, Inc. v. Albertson's, Inc*., 104 F.3d 253, 258 (9th Cir. 1996). Similarly, the Bargaining and Trust Agreements provide that an employer must pay all reasonable attorneys' fees and audit fees. Here, Plaintiffs seek reimbursement for attorneys' fees in the amount of $18,109.50, representing a total of 81.4 billed hours on this matter. Plaintiffs are also request costs incurred in this matter in the amount of $559.58. This amount is comprised of the filing fee and service of process fees for service of the Summons and Complaint on Defendant. These fees and costs are reasonable given the documented work incurred since this matter was referred to Plaintiffs' Counsel in July 2023.

ORDER GRANTING DEFAULT JUDGMENT
CASE NO. 24-cv-01436-RS

### iii.  *Remaining Factors*

Finally, the remaining factors pose no bar to default judgment. Given that Defendant has actual notice of the lawsuit and has refused to appear, there is little reason to assume that the central, material facts would be in significant dispute (the fifth factor), and no indication that Defendant's failure to participate in the litigation is due to any kind of excusable neglect (the sixth factor). As a result, the general policy preference for a resolution on the merits must yield to Plaintiffs' right to a determination of their claims.

### C. Remedies

A plaintiff seeking default judgment "must also prove all damages sought in the complaint." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046 (citation omitted). ERISA § 515 provides that every employer who is obligated to make contributions to a multiemployer plan pursuant to the terms of a collective bargaining agreement must make such contributions in accordance with the terms of such agreement. Where judgment is entered in favor of the plan in an action to enforce § 515, the plan is entitled to interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs, and such other legal or equitable relief as the court deems appropriate. ERISA § 502 (g), 29 U.S.C. 1132 (g)(2); s*ee also, Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984) (holding that an award of liquidated damages under §1132 (g)(2) is "mandatory and not discretionary.") To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions exist at the time the lawsuit was filed. *Idaho Plumbers*, 875 F.2d at 212. Courts in this district have awarded liquidated damages where further unpaid contributions become delinquent after the filing of the lawsuit. *See, e.g.*, *Roofers Local Union No. 81*, 811 F.Supp. at 1401-02.

Plaintiffs seek 20% in liquidated damages and 10% interest per annum on unpaid and late-paid contributions from the date that they were delinquent until present. They additionally seek audit fees and attorneys' fees and costs. The amount of required contributions, as well as rates for liquidated damages and interest on delinquent contributions, are set forth in the Bargaining Agreement, and incorporated Trust Agreements. The amount Defendant owes to Plaintiffs has

been established in the declarations of Plaintiffs' Counsel, Fringe Benefits Director, and Auditor. On the record, Plaintiffs have met their burden to support their calculations for claims brought under ERISA and the agreements. Accordingly, they are entitled to $47,063.06 for delinquent payments.

Having prevailed in this action for unpaid and late contributions, Plaintiffs are entitled to reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). The rates billed by Plaintiffs' counsel are reasonable. The billing rates charged to the Trust Funds by Plaintiffs' Counsel in this action are: a paralegal at $175-$205 per hour, an associate attorney at $375 per hour and a shareholder attorney at $305-$375 per hour. These rates are well within the regional range and align with those previously approved by courts in this district. Plaintiffs' Counsel billed a total of 81.4 hours from August 7, 2023, through April 25, 2025, incurring $18,109.50 in fees, consisting of 19.7 attorney hours and 61.7 paralegal hours. Plaintiffs' Counsel described in detail the relevant activities in the billing records provided with their motion. Although briefing in this matter was sparse, Counsel did engage on multiple occasions with Defendant and expended many of the billed hours negotiating a potential resolution. Accordingly, the hours reported were reasonably expended. Plaintiffs are entitled to $18,109.50 in reasonable attorneys' fees incurred, as well as costs in the amount of $559.58.

## V. CONCLUSION

Based on the foregoing, judgment is entered in favor of Plaintiffs against Defendant Edgecombe Crane, LLC, in the amount of $65,732.14.

**IT IS SO ORDERED**.

Dated: July 28, 2025

_____
RICHARD SEEBORG
Chief United States District Judge